**Robert JOOST, Petitioner-Appellant,**

v.

**U.S. PAROLE COMMISSION,
Respondent-Appellee.**

No. 82–1793.

United States Court of Appeals,
Tenth Circuit.

Jan. 20, 1983.

---

Robert Joost, pro se.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Petitioner seeks review of the denial of his request for a writ of habeas corpus, 28 U.S.C. § 2241, by which he sought to challenge the United States Parole Commission's denial of parole. The district court, which dismissed the action, based its decision solely on documents submitted by the petitioner. The court granted leave to appeal in forma pauperis. On appeal petitioner contends that the trial court erred in not issuing a show cause order requiring a response by the Commission. We agree.

The record reveals that petitioner was convicted, after three trials, of conspiracy to violate the civil rights of another, resulting in death. *See* 18 U.S.C. § 241. Petitioner has been in custody since 1973. At petitioner's 1979 parole hearing, the hearing examiners recommended parole in 1983, at which point petitioner would have served approximately 120 months of his twenty-five year sentence. The Regional Commissioner disagreed with this recommendation and referred the matter to the National Commissioners, *see* 28 C.F.R. § 2.24(a), who denied parole and set off petitioner to a ten-year reconsideration date.

When the Commission exceeds the guidelines it has promulgated for the anticipated length of a term of imprisonment to be served before parole, it must furnish something more than the standard reasons it would give for within-guideline parole denial. It must establish "good cause" justification for continued incarceration of the inmate. 18 U.S.C. § 4206(c). *See* Sacco v. United States Parole Commission, Unpublished No. 80–1530 (10th Cir. filed April 6, 1981); *accord Solomon v. Elsea,* 676 F.2d 282, 286–287 (7th Cir.1982); *Hayward v. United States Parole Commission,* 659 F.2d 857, 861 (8th Cir.1981), *cert. denied,* 456 U.S. 935, 102 S.Ct. 1991, 72 L.Ed.2d 454 (1982); *Brach v. Nelson,* 472 F.Supp. 569 (D.Conn.1979). In establishing good cause, the Commission may not rely on reasons that are outside the scope of its authority to consider. *Little v. Hadden,* 504 F.Supp. 558, 562–63 (D.Colo.1980).

Petitioner claims that the Commission considered murder charges of which petitioner was acquitted when it extended his incarceration period beyond the standard guidelines. Such reliance violates the Commission's own regulations unless "reliable information" of guilt not introduced at trial is presented. *See* 28 C.F.R. § 2.19(c); *see also Allen v. Hadden,* 536 F.Supp. 586, 591 (D.Colo.1982) (describing information that may be used by Parole Board). Petitioner's claim is supported by letters between the Commission and Bureau of Prisons personnel that indicate decisionmakers believed petitioner may really have been guilty of murder.

Without a denial by the Commission, petitioner's contention must be taken to be true. *See Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); *Coleman v. Turpen,* 697 F.2d 1341 (10th Cir.1983). If petitioner's claim is true, it shows that the Commission did not act upon good cause. Unless the Commission can rebut the allegation that it relied upon the murder charges, petitioner is entitled to relief. If the petitioner is entitled to relief, the Commission must at least reexamine petitioner's record and make a new determination based on permissible factors. *See* Sacco v. United States Parole Commission, Unpublished No.

80–1530 (10th Cir. filed April 6, 1981) (ordering new parole determination). *Compare Little v. Hadden,* 504 F.Supp. at 564 (ordering release of prisoner). If a redetermination is required, petitioner must of course be afforded access to reports or documents relied upon by the Commission and the opportunity to challenge their contents. *See* 18 U.S.C. § 4208(b); 28 C.F.R. § 2.19(c); *Solomon v. Elsea,* 676 F.2d at 288–89.

The judgment of the district court is reversed and the cause remanded for further proceedings consistent herewith.