Robert **JOOST**, Petitioner,

v.

**U.S. PAROLE COMMISSION, et al., Respondents.**

No. 86–3038.

United States District Court, D. Kansas.

Oct. 22, 1986.

Robert Joost, pro se.

Benjamin L. Burgess, U.S. Atty., Kurt J. Shernuk, Asst. U.S. Atty., Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner has alleged two grounds for the writ. First, the petitioner alleges that the United States Parole Commission denied the petitioner due process and equal protection of the laws by giving him a higher offense severity rating than the one given a co-defendant, who was convicted of more severe crimes in the same case.[1] The petitioner also alleges that the Commission improperly has held the petitioner responsible for murder, when actually he was acquitted of that charge. This court issued a show cause order and the government filed an answer and return. Petitioner has filed his traverse. Having examined all the pleadings and material filed, the court makes the following findings and order.

The facts of the case leading to the petitioner's conviction under 18 U.S.C. § 241 are complex. Since the court has reviewed petitioner's case on several prior occasions, the facts relating to petitioner's conviction will not be repeated here. Instead, the court will adopt and incorporate by reference the Findings of Fact determined by

Judge Rogers in *Joost v. U.S. Parole Commission*, No. 82–3064 (D.Kan., *unpublished*, Sept. 1, 1983) [available on Westlaw, DCTU database]. The court also states the following additional findings of fact.

1. Petitioner was afforded parole hearings at the United States Penitentiary at Leavenworth, Kansas [hereinafter USPL], in September 1979, October 1981, and October 1983. The ultimate result of these hearings was that the petitioner was continued to a presumptive parole date of January 17, 1988, after the service of 175 months. These parole determinations were the subject of habeas corpus actions brought by petitioner in cases numbered 82–3064 and 84–3162, both of which resulted in district court decisions denying the relief requested.

2. Petitioner was again afforded a statutory interim hearing on October 29, 1985, at USPL. At that hearing, petitioner's representative, James Wade, argued that petitioner was receiving disparate parole treatment in comparison with one of his co-defendants, William Marrapese. Marrapese had been convicted of all charges originally faced by the petitioner and his co-defendants. By Notice of Action, dated November 6, 1985, the Commission informed petitioner that there was no change in the decision in his case.

3. Petitioner appealed the decision to the National Appeals Board, pursuant to the provisions of 28 C.F.R. § 2.26. By Notice of Action, dated January 28, 1986, the Commission informed petitioner that the previous decision had been affirmed. Petitioner subsequently filed this action for a writ of habeas corpus.

### Conclusions of Law

1. In a habeas corpus action, the federal court has authority to review a denial of parole only upon a showing of arbitrary and capricious action or a misap-

---

1. William Marrapese was convicted of three counts: violation of 18 U.S.C. § 241 (conspiracy to violate the civil rights of a citizen), § 844 (use of an explosive device to commit a felony) and § 1503 (obstruction of justice by intimidating a witness with force or violence). Petitioner was also charged with these offenses but was only convicted of the § 241 offense.

plication of the law. *United States v. Talk*, 597 F.2d 249 (10th Cir.1979); *Dye v. U.S. Parole Commission*, 558 F.2d 1376 (10th Cir.1977). This court's inquiry is not whether the Commission's action is supported by the preponderance of the evidence, or even by substantial evidence, but only whether there is a rational basis in the record for the conclusions manifested by the Commission's statement of reasons. *Zannino v. Arnold*, 531 F.2d 687 (3d Cir. 1976); *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). Furthermore, the burden is on petitioner to show that the Commission abused its discretion resulting in an abridgement of petitioner's constitutional rights. *See Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir.1976). Petitioner must demonstrate to this court that the Parole Commission has acted in such a manner as to abuse its broad discretionary powers. Without a showing of such abuse, petitioner's petition will be denied. *See Loch v. Keohane*, No. 79–1206 (10th Cir., *unpublished*, Nov. 27, 1979).

2. Petitioner's first allegation is that the United States Parole Commission violated the due process clause and equal protection guarantees by rating his offense behavior as Category 8 Severity (the highest possible of eight categories) when his co-defendant, Marrapese, was rated as a Category 6 Severity. Under established parole policy guidelines, a conviction under 18 U.S.C. § 241 for conspiracy against civil rights of citizens should be graded as Category 8, if death results from the conspiracy. 28 C.F.R. § 2.20, Chapter 7, Subchapter A (1985).

■ 3. The actions of the federal government are judged under the fifth amendment by the same standards applicable to state actions challenged under the equal protection clause of the fourteenth amendment. *Richardson v. Belcher*, 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971). Under traditional equal protection analysis, the government is only required to show a rational basis for its ac-

tions unless the actions involve a suspect class or a fundamental right. *Clements v. Fashing*, 457 U.S. 957, 963, 102 S.Ct. 2836, 2843–44, 73 L.Ed.2d 508 (1981). Petitioner has not alleged that he is a member of a suspect class. Furthermore, it is well established that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979).

It has been held that a federal inmate's fifth amendment due process rights are not violated when an equally culpable co-defendant is paroled earlier than the petitioner. *Hodges v. O'Brien*, 589 F.Supp. 1225, 1230 (D.Kan.1984); *Bush v. Kerr*, 554 F.Supp. 726, 734 (W.D.Wis.1982). Petitioner attempts to distinguish these cases on the basis that he is not *equally culpable* with his co-defendant since the petitioner was only convicted under section 241, while the co-defendant Marrapese was convicted of all three counts charged.

■ Petitioner has not alleged that his grading of Category 8 was not within the guidelines established for parole decision-making. He also does not allege that any mitigating circumstances, which could justify a different severity rating, were ignored by the Parole Commission. 28 C.F.R. § 2.20(d). Petitioner's only argument is that he was treated less favorably than his co-defendant who was convicted of more charges. While this suggests that the Commission may have failed to follow the established guidelines in regard to Mr. Marrapese, "it certainly does not mean that the Commission is bound to compound the violation by releasing petitioner." *Bush*, 554 F.Supp. at 734. Petitioner has not shown that the established guidelines were applied to him in an irrational manner in violation of the fifth amendment. Therefore, the court finds no violation of due process or equal protection guarantees in the Commission's grading of petitioner as Category 8 Severity. Furthermore, the record shows that the information concerning the co-defendant disparity on offense

severity ratings and parole was presented to and considered by the Commission as required by *Hodges v. O'Brien,* 589 F.Supp. at 1231. Because petitioner's offense severity rating is within the established guidelines and because the Commission considered the co-defendant disparity contention raised by the petitioner, the court finds that the Commission's denial of parole to the petitioner is not arbitrary and capricious. Therefore, petitioner's claim for relief on this ground is denied.

4. Petitioner's second stated ground for relief is that the United States Parole Commission is holding him responsible for murder when he was acquitted of that charge by the trial court. In *Joost v. U.S. Parole Commission,* 698 F.2d 418 (10th Cir.1983), this petitioner contended that the Commission had considered murder charges, of which he was acquitted, when it extended his incarceration period beyond the standard guidelines. Assuming these allegations were true,[2] the Tenth Circuit held that consideration of those murder charges violated the Commission's own regulations unless "reliable information" of guilt not introduced at trial was presented. *Id.* at 419 (citing 28 C.F.R. § 2.19(c)). On remand, the district court found that the Commission, in denying parole in the petitioner's case, did not consider murder charges upon which Joost had been found not guilty after trial. *Joost v. U.S. Parole Commission,* No. 82–3064 (D.Kan., *unpublished,* Sept. 1, 1983). In this decision, Judge Rogers noted that there was no violation of 28 C.F.R. § 2.19(c), because the petitioner was never tried or acquitted of murder charges. Instead, Joost was acquitted of the substantive charges of using an explosive to commit a felony and of intimidating a witness by force and violence. Judge Rogers also noted that the record indicated that the Commission merely concluded that the petitioner was a culpable member of a conspiracy from which a person's death resulted. This is precisely the charge of which the petitioner and his co-conspirators were convicted of by a jury. Therefore, it was not improper for the Commission to consider this matter. The petitioner's appeal of this decision was dismissed by the Tenth Circuit. *Joost v. U.S. Parole Commission,* No. 83–2183 (10th Cir., *unpublished,* Jan. 21, 1985), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2658, 86 L.Ed.2d 275 (1985).

■ Petitioner raises the identical claim in relation to his October 1985 parole hearing. In *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Supreme Court held that a court may give controlling weight to the determination of a prior section 2255 petition if (1) the same ground presented in the subsequent petition was determined adversely to the petition on the prior petition; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent petition. *Id.* at 15, 83 S.Ct. at 1077. The dismissal of section 2241 habeas corpus claims has also been allowed when the claim was the subject of a previous habeas corpus petition. *Staege v. U.S. Parole Commission,* 671 F.2d 266, 269 (8th Cir. 1982). Since petitioner's second claim was fully litigated on the merits and determined adversely to the petitioner, the court will give controlling weight to the prior determination by Judge Rogers that the Commission did not act improperly in considering this matter. Therefore, petitioner's claim for habeas corpus relief on this ground is hereby denied.

IT IS THEREFORE ORDERED that this action be dismissed and all relief denied.

---

**2.** The petitioner's request for a writ of habeas corpus was dismissed by the district court based solely on the documents filed by the petitioner. The government had not been given an opportunity to deny petitioner's allegations. *Joost,* 698 F.2d at 418. Therefore, the court of appeals held "[u]nless the Commission can rebut the allegation that it relied upon the murder charges, petitioner is entitled to relief." *Id.*