977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James E. HUMPHREYS, Jr., Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 92-6232.
 United States Court of Appeals, Tenth Circuit.
 Oct. 13, 1991.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a pro se appeal of a denial of habeas relief. We affirm.
 
 
 3
 This case has a long and torturous history. In 1990, Mr. Humphreys was convicted of ten felony drug counts in the United States District Court and was sentenced to concurrent seven-year sentences on each count, with a special parole term of three years. Mr. Humphreys appealed the judgment and sentence to this court and we affirmed in an unpublished Order and Judgment on April 29, 1991, in case No. 90-6167. One of the bases of that appeal was Mr. Humphreys' contention that erroneous information had been incorporated into his presentence report concerning the quantity of drugs involved. We concluded Mr. Humphreys had not preserved this issue for appeal due to his failure to object. We specifically held:
 
 
 4
 ... Humphreys and his trial counsel were given an opportunity to read the PSR, and when asked by the trial judge shortly before imposition of sentence if they had any comments on it, both Humphreys and his counsel expressly responded in the negative.
 
 
 5
 Order and Judgment, No. 90-6167, Apr. 29, 1991, at 9.
 
 
 6
 Mr. Humphreys next filed with this court a petition to review the Order of the United States Parole Commission. We construed this as a petition seeking habeas relief and transferred the case to the United States District Court for the Western District of Oklahoma on September 3, 1991, in case No. 91-9516.[1]
 
 
 7
 Mr. Humphreys' pro se petition sets forth the following claims: (1) error by the United States Parole Commission in the establishment of the presumptive parole date, offense severity factor, salient factor, and drug quantities; (2) reliance by the Parole Commission on an inaccurate presentence report; (3) ineffective assistance of counsel at sentencing; and (4) the Parole Commission erred by disregarding five years' disassociation with any of the alleged conspirators, the delay of five years in bringing prosecution, and assistance afforded in other prosecutions.
 
 
 8
 The matter was referred to a magistrate judge who concluded in an eleven-page report and recommendation that relief should be denied. The trial court, after conducting de novo review, adopted the magistrate judge's report and recommendation.
 
 
 9
 Mr. Humphreys appeals this decision pro se raising numerous errors including: (1) failure to grant a hearing, discovery, and counsel; (2) ineffective assistance of counsel; (3) all previous arguments; (4) denial of discovery; (5) various constitutional claims; (6) separation of powers and related claims; (7) error in original sentencing; (8) failure to correct original sentence; (9) error in evaluating sentencing claims; (10) allowing false information to remain in prison file; (11) allowing the sentence to continue; (12) abuse of discretion of respondents; (13) disparity in sentences; (14) cumulative error; and other miscellaneous assertions.
 
 
 10
 As Mr. Humphreys appears pro se, we will treat his pleadings and briefs with liberality. Applying this standard, the first issue raised is whether the United States Parole Commission can consider the presentence report in the face of contrary evidence allegedly presented by Mr. Humphreys. The answer is yes as the Commission has discretion to weigh the credibility of conflicting evidence. Further, it is not the duty of the reviewing court to reassess the credibility of the presentence report or the preponderance of the evidence. Richardson v. United States Parole Comm'n, 729 F.2d 1154, 1156 (8th Cir.1984).
 
 
 11
 The balance of Mr. Humphreys' contentions lack merit and do not warrant further discussion.
 
 
 12
 The judgment of the district court is AFFIRMED for substantially the same reasons set forth in the report of the magistrate judge dated March 31, 1992, a copy being attached.
 
 ATTACHMENT
 
 13
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 JAMES E. HUMPHREYS, JR., Petitioner
 
 14
 vs.
 
 
 15
 U.S. PAROLE COMMISSION and A.F. BEELER, WARDEN, Respondents
 
 REPORT AND RECOMMENDATION
 
 16
 Petitioner, a federal prisoner appearing pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the decision of the United States Parole Commission in setting his presumptive parole date. The Respondents have filed a motion to dismiss and the Petitioner has responded to the motion. Thus, the motion is at issue. This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and for the reasons stated herein, it is recommended that the petition be denied.
 
 PROCEDURAL HISTORY
 
 17
 Following a jury trial, Petitioner was convicted in this Court of nine counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, for which he was sentenced to concurrent seven-year sentences on each count, with a special parole term of three years. United States v. Humphreys, Case No. CR-89-258-T (W.D.Okla.). His conviction was affirmed on direct appeal in an unpublished decision. United States v. Humphreys, Case No. 90-6167 (10th Cir. April 29, 1991).
 
 
 18
 A parole prehearing assessment was conducted in August 1990, at which time Petitioner's offense behavior was rated as category 6 because it involved a "conspiracy which distributed more than 1.25 but less than 6.24 kilograms of cocaine of unknown purity." The salient factor score was assessed as 9, as Petitioner had a 1985 possession of cocaine charge for which he received a 2-year deferred sentence. The offense severity rating of 6 and the salient factor score of 9 yielded a guideline range of 40-52 months. (Respondent Exhibit C).
 
 
 19
 Petitioner's initial parole hearing was conducted on September 17, 1990, at which time the panel discussed with him his offense severity rating, his salient factor score and his guideline range. Petitioner disputed the description of his offense behavior, arguing that he was not involved at any time with more than 13 ounces of cocaine, and that his participation in the offense was extremely short. Petitioner was questioned as to whether or not he had objected to information in the presentence report at the time of sentencing, and he stated there had been no objections. (Respondent Exhibit D). The panel concluded that a decision at the bottom of the guideline range was warranted and recommended continuation to a presumptive parole date after service of 40 months, July 12, 1993, with a special drug aftercare condition. (Respondent Exhibit D). By a Notice of Action dated October 3, 1990, the Regional Commissioner agreed with the recommendation. Petitioner appealed that decision and by a Notice of Action on Appeal dated February 8, 1991, the National Appeals Board affirmed the previous decision. The Commission concluded that: the offense severity rating had been properly rated as category 6 (involving conspiracy to distribute cocaine in excess of 1.25 kilograms of cocaine, but less than 6.24 kilograms); the information contained in the presentence report was more persuasive as to the Petitioner's involvement than his version of the offense; the Petitioner failed to persuade the Commission that the information relied upon was inaccurate; and Petitioner's family hardship claim did not provide a basis for earlier release. (Respondent Exhibit G).
 
 
 20
 On March 11, 1991, Petitioner filed his "Petition for Review" directly with the Tenth Circuit Court of Appeals, challenging the parole decision. Apparently, several pleadings were filed with the circuit court by the Petitioner and the Respondents, but on September 3, 1991, the Court on its own motion, entered an order construing the petition as one seeking habeas relief. The Court dismissed the petition, deemed all pending motions moot, and then transferred the matter to this Court. As it was unclear from the one sentence "Petition for Review" what Petitioner's grounds for relief were, the undersigned Magistrate Judge entered an order on November 5, 1991, directing the Petitioner to file a habeas corpus petition on forms required by the local court rules. Petitioner submitted the required petition on November 21, 1991, and as noted, the Respondents have moved to dismiss and Petitioner has responded to the motion.
 
 GROUNDS FOR RELIEF
 
 21
 The Petitioner essentially alleges the following grounds for relief: (1) the Parole Commission relied exclusively on the presentence report which contained alleged erroneous information, thus depriving Petitioner of his liberty interest in parole; (2) reliance on the erroneous information in the presentence report resulted in an incorrect calculation of his offense severity rating and the salient factor score; (3) he was denied the effective assistance of counsel in sentencing; and (4) the Parole Commission disregarded evidence favorable to him, i.e., his "five (5) year disassociation with any of the alleged co-conspirators, the delay of five (5) years in bringing prosecution; assistance afforded by the defendant in other prosecutions, and contradictory statements contained in written and verbal statements made by the defendant during the initial review hearing."
 
 STANDARD OF REVIEW
 
 22
 The standard of judicial review of a parole decision is whether the decision is arbitrary and capricious or an abuse of discretion. Turner v. U.S. Parole Commission, 934 F.2d 254, 256 (10th Cir.1991), cert. denied, 112 S.Ct. 239 (1991); Fiumara v. O'Brien, 889 F.2d 254 (10th Cir.1989), cert. denied, 495 U.S. 958 (1990); Dunn v. United States Parole Commission, 818 F.2d 742, 744 (10th Cir.1987); Dye v. United States Parole Commission, 558 F.2d 1376 (10th Cir.1977). "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." Misasi v. United States Parole Commission, 835 F.2d 754, 758 (10th Cir.1987) (quoting Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir.1982)). Because of the broad discretion granted to the Parole Commission to promulgate rules and regulations establishing guidelines for the exercise of its powers, 18 U.S.C. § 4203(a)(1), courts defer to the Commission's interpretation of its regulations, unless these interpretations are unreasonable. Timpani v. Sizer, 732 F.2d 1043 (2d Cir.1984).
 
 DISCUSSION
 
 23
 As noted, Petitioner essentially complains in his first two grounds for relief, that the Parole Commission relied upon inaccurate information in the presentence report. The alleged inaccurate information concerns the amount of cocaine that he is deemed responsible for delivering and his involvement in the alleged conspiracy. In the prosecution version of the presentence report, it is noted that through a series of F.B.I. interviews with cooperating individuals, it was revealed that one Charles A. McKellar, Jr., an indicted co-conspirator, was a major distributor of cocaine and that many of the cooperating individuals regarded the Petitioner as a partner of McKellar. The presentence report notes that the F.B.I. agents were unsure of the total amount of cocaine obtained and distributed by the Petitioner, but the report estimated that Petitioner delivered between one and five kilos of cocaine during the time in which he was a part of the conspiracy. The presentence report further shows that the Petitioner elected not to submit his version of the offense, as the sentencing court heard the trial testimony. According to the record in this case, Petitioner did not object to the presentence report at sentencing and he did not bring any alleged inaccuracies in the report to the Court's attention.[1]
 
 
 24
 If a prisoner is apprised of information in his presentence report and is afforded the opportunity to respond, the evidence in the presentence report is properly considered by the Parole Commission. See Nunez-Guardado v. Hadden, 722 F.2d 618 (10th Cir.1983). In the present case, the Commission was required by both statute and regulation to consider the presentence report (18 U.S.C. § 4207(3); 28 C.F.R. § 2.19(a)(3)), and was clearly authorized to rely upon the presentence investigation report and reach its own conclusions as to the truth of the information. See Hodges v. O'Brien, 589 F.Supp. 1225, 1233-34 (D.Kan.1984). Here, the Commission considered the Petitioner's statements regarding the amount of drugs involved in the offense conduct, but chose to rely on the version set forth in the presentence report. As noted, Petitioner did not bring the alleged inaccuracies to the attention of the trial court, so the Court could make a determination regarding any disputed information pursuant to Fed.R.Crim.P. 32. Thus, there having been no timely objection to the presentence report at sentencing, the Parole Commission's acceptance of the version of the offense in the presentence report, including the quantity of drugs involved, was not an abuse of discretion. The Petitioner presented his version of the facts to the Parole Commission and they chose to believe the version in the presentence report. This satisfies the requirement that the Commission shall resolve disputes as to the accuracy of the information presented by the preponderance of the evidence standard. See 28 C.F.R. § 2.19(c).
 
 
 25
 To the extent that Petitioner argues that his salient factor score should be 10, rather than 9 (based on the Commission's allegedly erroneous consideration of the prior cocaine offense), it is noted that salient factor scores of 8, 9 and 10 all yield the same guideline range when combined with the offense severity rating of category 6. See 28 C.F.R. § 2.20. Therefore, even assuming arguendo that the salient factor scoring regarding prior convictions was based on erroneous statements in the presentence report, it had no impact on the presumptive parole date, which was the bottom of the guideline range.
 
 
 26
 As noted, Petitioner asserts in ground 3 that he was denied the effective assistance of counsel at sentencing. The undersigned notes that Petitioner raised a claim of ineffective assistance of counsel on his direct appeal and it was rejected without discussion as wholly unsupported and without merit. (Respondent Exhibit H, Humphreys, slip op. at 11). Petitioner also raised the claim of ineffective assistance of counsel in a 28 U.S.C. § 2255 motion filed in his criminal case, which this Court denied. Petitioner's appeal of that denial is currently pending in the Tenth Circuit in Case No. 91-6353. In any event, this 28 U.S.C. § 2241 petition for writ of habeas corpus is an inappropriate forum for consideration of claims such as ineffective assistance of counsel at sentencing. Such a claim goes to the validity of the conviction and sentence itself, rather than to the execution of a sentence. A 28 U.S.C. § 2241 petition for writ of habeas corpus is a vehicle for challenging the execution, not the validity, of a sentence. Cf. United States v. Addonizio, 442 U.S. 178 (1979) (§ 2255 not available to challenge execution of sentence).
 
 
 27
 As his fourth ground for relief, Petitioner asserts that the Parole Commission disregarded evidence favorable to him and that as a result of the five-year delay in bringing him to prosecution, he was deprived of the opportunity to proffer any aid to the prosecution in exchange for leniency. Presumably in this parole context, Petitioner would seek to have the Parole Commission consider a reduction from the presumptive parole date. Pursuant to 28 C.F.R. § 2.63(a), "the Commission may consider as a factor in the parole release decision-making a prisoner's assistance to law enforcement authorities in the prosecution of other offenders." If the prisoner meets certain criteria the Commission may consider providing a reduction of up to one year from the otherwise applicable presumptive parole date. See 28 C.F.R. § 2.63(b). However, decisions as to whether to grant such credit in case of cooperation with law enforcement are left to the discretion of the Commission, and there is no entitlement to such reduction. Here, there is absolutely no showing of abuse of discretion.
 
 
 28
 Petitioner also argues that the Commission failed to consider other favorable evidence. It is clear that the Petitioner offered his version of the offense at his parole hearings. The credibility of the prisoner at such a hearing is left to the Commission, and it is not required to accept the prisoner's version of the facts. See Mack v. McCune, 551 F.2d 253 (10th Cir.1977). The mere presence of favorable evidence does not mandate a downward departure from the guideline range. See Robinson v. Hadden, 723 F.2d 59, 64 (10th Cir.1982), cert. denied, 466 U.S. 906 (1984). The fact that a downward departure was not warranted does not mean that favorable evidence was ignored. Here, Petitioner did receive a presumptive date at the bottom of his guideline range. Petitioner fails to show that the Parole Commission abused its discretion in calculating the guideline range or in the weight it gave to Petitioner's favorable evidence. There is a "rational basis in the record for the Commission's conclusions embodied in its statement of reasons." Misasi, 835 F.2d at 758.
 
 
 29
 Petitioner has also filed a Request for Discovery and Motion to Supply Certified Copies of the Record, pursuant to 28 U.S.C. § 2250. In the 28 U.S.C. § 2250 motion, he seeks certified copies of the record, apparently seeking copies of the documents that he himself submitted to the Tenth Circuit in this case. In its response to Petitioner's request for discovery, the Respondent has supplied the Court with the documents evidently submitted by Petitioner as part of Petitioner's appeal to the National Appeals Board and subsequently filed with the Tenth Circuit.
 
 
 30
 Section 2250 of Title 28 provides that in forma pauperis petitioners may be supplied copies of records on file with the Clerk's office as required. The Court notes that the record does not include a finding by this Court that Petitioner is eligible to proceed in forma pauperis in this 28 U.S.C. § 2241 petition, but more importantly, Petitioner fails to make a showing of need for copies of the documents which he himself had previously submitted to the Tenth Circuit Court of Appeals.
 
 
 31
 Pursuant to Rule 6, Rules Governing Section 2254 Proceedings[2] leave of court is required for discovery, which is available upon a showing of good cause, but not otherwise. Such requests must be accompanied by the interrogatories, the requests for admission, or a list of the documents sought. Petitioner's request for discovery fails to show good cause or to specify the requests for admission or the documents sought (other than those he himself had previously submitted to the Tenth Circuit). Accordingly, it is recommended that both of these motions be denied.
 
 RECOMMENDATION
 
 32
 For the foregoing reasons, the undersigned recommends that the Court deny: (1) the 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the decision of the Parole Commission; (2) the § 2250 motion; and (3) the request for discovery. The parties are advised of their right to object to this Report and Recommendation by April 15th, 1992, in accordance with 28 U.S.C. § 636 and Local Court Rule 39. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions. Moore v. United States of America, 950 F.2d 656 (10th Cir.1991).
 
 
 33
 ENTERED this 31st day of March 1992.
 
 
 34
 /s/DOYLE W. ARGO
 
 
 35
 /s/UNITED STATES MAGISTRATE JUDGE
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Humphreys also filed four separate habeas petitions raising ineffective assistance of counsel, conflict of interest, grand jury abuse, equitable estoppel, erroneous information in the presentence report, illegal seizure of pilot's certificate, improper jury voir dire, improper instructions, etc. See Nos. 91-6239, 91-6323, 91-6352 and 91-6353, wherein relief was denied
 
 
 [1]
 Petitioner did attempt to challenge the information in the presentence report on direct appeal, but the Tenth Circuit held that he had not preserved his objections for appeal purposes, since he had not raised the objections with the trial court. Further, the Court noted that Petitioner testified at trial, denying (1) that he was ever a partner of McKellar (an indicted co-conspirator) in the cocaine distribution business, (2) that he was ever a drug dealer in 1985 and (3) that he distributed any cocaine. The Court rejected his arguments that there was insufficient evidence that he actually distributed cocaine, noting that there was testimony by cocaine purchasers that was sufficient to support the verdict of guilt. The Court also stated that it was "satisfied that there was sufficient evidence upon which a jury could reasonably find that Humphreys entered into an unlawful agreement to distribute cocaine," and upheld the guilty verdict on the conspiracy count. (Respondent Exhibit H, slip op. at 3). The Court also noted that: "[b]ecause Humphreys' involvement in cocaine-related misconduct ended before November 1, 1987, he was not subject to sentencing under the Comprehensive Crime Control Act of 1984 (as amended), which now provides for mandatory prison terms for similar drug offenses of 10 years and more." (Respondent Exhibit H, slip op. at 8 n. 6)
 
 
 [2]
 Rules Governing Section 2254 Proceedings are applicable to non-section 2254 habeas cases at the discretion of the Court. Rule 1(b), Rules Governing Section 2254 Proceedings