**UNITED STATES of America,
Plaintiff-Appellee,**

v. .

**Alvin BROUSSARD,
Defendant-Appellant.**

**No. 78–5319
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1978.

Rehearing and Rehearing En Banc
Denied Nov. 8, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc.* v. *Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Fred J. Horner, III, W. V. Dunnam, Jr., Waco, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Robert S. Bennett, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Alvin Broussard appeals the conviction on his plea of guilty in the district court for the Western District of Texas to the charge of conspiracy to import marijuana in violation of 21 U.S.C. §§ 952(a) and 963. Broussard claims that the indictment against him violated the terms of a prior plea agreement and also asserts that the district judge failed to comply with Rule 11, Fed.R. Crim.P. in accepting his guilty plea. After a thorough review of the record, we find both contentions meritless and affirm the conviction.

The fate of appellant's first claim turns on the scope of a plea bargain made by him with the United States Attorney for the Northern District of Texas respecting an earlier indictment on separate drug charges. That indictment alleged Broussard's participation in a conspiracy to import marijuana, amphetamines and cocaine from Mexico into the United States. The government agreed to drop the indictment in return for Broussard's plea of guilty to a two count information charging him with misprision of a felony and constructive marijuana possession. Appellant contends, however, that the government also promised not to prosecute him on any marijuana related offenses occurring before April 4, 1977, the date of the prior plea agreement. He asserts that his indictment in the instant case, based on activities that allegedly took place before the date, violated the terms of the earlier bargain, thereby requiring reversal of his conviction and dismissal of all current charges. The district judge, aided by the findings and recommendations of a magistrate, gave careful consideration to this argument, and the record amply supports his conclusion that the prior plea agreement was limited to dismissal of the indictment charging a conspiracy to import marijuana, amphetamines and cocaine, then pending in the Northern District of Texas. The Assistant United States Attorney who negotiated the agreement testified to that effect at the hearing on appellant's motion to dismiss the indictment in this case. Furthermore, when the district judge who accepted Broussard's plea of guilty to the

information in the earlier prosecution asked the defendant in open court whether he had received any promises from the government other than dismissal of the pending indictment above referred to, he replied "[t]hat's all."

Appellant's second assertion of error runs counter to both the record and the law of this circuit. Broussard claims that the district judge violated Rule 11, Fed.R. Crim.P. when accepting his guilty plea in this case by failing to inform him accurately of the maximum special parole term. However, the record plainly indicates both the judge's explanation and appellant's express understanding of the consequences of his guilty plea with regard to parole. Moreover, this court has recently held that Rule 11 no longer requires such an explanation of the special parole term. *United States v. Adams*, 5 Cir. 1978, 566 F.2d 962, 969.

AFFIRMED.