UNITED STATES of America,
Plaintiff-Appellee,

v.

Al BUCCHINO, Defendant-Appellant.

No. 79–5199

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1979.

Rehearing and Rehearing En Banc
Denied Jan. 18, 1980.

Louis Dugas, Jr., Orange, Tex., Marvin O. Teague, Roy Beene, Houston, Tex., for defendant-appellant.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Allen Joseph Bucchino pleaded guilty to a charge of conspiracy to possess cocaine with intent to distribute it, in violation of 21 U.S.C. § 846, and was sentenced to 15 years imprisonment and a fine of $25,000, the maximum sentence possible, with a special

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

parole term of 5 years. The government instituted a separate civil proceeding for forfeiture of his 1974 Oldsmobile on the ground that it had been used unlawfully during the course of the conspiracy. He appeals his conviction, contending that the indictment was deficient because it did not state that his property interest in the Oldsmobile was subject to forfeiture. He also challenges the sentence imposed by the district judge, which he asserts was based on untrue assumptions. We find these contentions to be groundless.

Rule 7(c)(2) of the Federal Rules of Criminal Procedure requires that, when an offense is charged that may result in criminal forfeiture, the indictment shall allege the extent of the property interest subject to forfeiture. However, this rule does not apply to civil forfeiture of property for violation of a statute of the United States. Fed.R.Crim.P. 54(b)(5). Moreover, the statutory provision to which Bucchino pleaded guilty contains no forfeiture provision. *United States v. Hall*, 9 Cir. 1975, 521 F.2d 406, which is cited by Bucchino, involved a statute that had a forfeiture provision.

All of the requirements of the law were complied with in imposing the sentence. Bucchino was given an opportunity for allocution, and he and his counsel addressed the court at length. The court carefully weighed the presentence report, the evidence and the remarks of counsel. It was not required to do more.

The court did impose a long sentence. This was within its discretion. *United States v. Hayes*, 5 Cir. 1979, 589 F.2d 811, 826–27. There is neither claim nor evidence that its action was arbitrary or capricious or amounted to an abuse of discretion.

In imposing the sentence, the district judge chose commendably to give his reasons for the sentence, e. g., "I simply cannot accept your account of your involvement. I think it was much more pervasive than what you have asserted to me." This is challenged because the judge said, "I think," indicating mere belief, and the remark, therefore, amounts to speculation.

This is, to put it baldly—as it should be put—nonsense. The law does not require a trial judge to give his reasons for imposing a particular sentence. We think it laudable for a judge to do so, as the trial judge here did. He can only express his opinion. He is not, of course, required or expected to know that one sentence is demonstrably better than another beyond a reasonable doubt or by a preponderance of the evidence or any such evaluation standard.

Belatedly, by supplemental brief, Bucchino questions whether the court's acceptance of the guilty plea complied with Rule 11 of the Federal Rules of Criminal Procedure. Because these issues were raised so late, we would, in the usual course, refuse even to permit the brief to be filed. *See* Fed.R. App.P. 28; *United States v. Luther*, 9 Cir. 1975, 521 F.2d 408, 411; *Mississippi River Corp. v. F.T.C.*, 8 Cir. 1972, 454 F.2d 1083, 1093–94. However, because the entire record is now before us, because the same issues would assuredly be raised by post-conviction motion for relief under 18 U.S.C. § 2255 if we did not now consider them, and because it will save the defendant, the government and the court time to do so now, we have permitted the supplemental brief to be filed and have considered the Rule 11 issues raised in it.

The succinct answer to these contentions, sufficient in the light of their lack of real basis, is that they are without merit. The trial judge personally assured himself that the defendant understood the conspiracy charge. It was not necessary for the judge to use the words of the indictment charging that Bucchino entered the conspiracy "willfully, knowingly and intentionally" so long as he informed the defendant that the defendant was charged with deliberately entering into the conspiracy and assured himself that Bucchino had done so. This was sufficient not only under the standard applied by the court en banc in *United States v. Dayton*, 5 Cir. 1979, en banc, 592 F.2d 253, at 256, but also under the interpretation of Rule 11 adopted by the dissent in that case.

The judge did not merely address routine questions to the defendant, nor

satisfy himself with a single response. *See United States v. Lincecum*, 5 Cir. 1978, 568 F.2d 1229, 1231. He properly advised the defendant that there is no mandatory minimum penalty for violation of 21 U.S.C. § 846; the requirement of special parole *if a* sentence of confinement is imposed is not a "mandatory minimum penalty provided by law." *See* Fed.R.Crim.P. 11(c)(1); *United States v. Adams*, 5 Cir. 1978, 566 F.2d 962, 968. The judge correctly and sufficiently explained the special parole term in explaining the maximum possible penalty provided by law. It was not necessary for him to explain all the supervisory aspects of special parole or the consequences of a violation. Before December 1, 1975, the rule required that the defendant be informed of "the consequences of the plea." That requirement does not appear in the present rule, and the court need not attempt to explain all the consequences that may flow either from conviction or from the imposition of the sentence, so long as it explains the maximum possible sentence. *United States v. Adams*, 5 Cir. 1978, 566 F.2d 962, 968–69; *Sanchez v. United States*, 9 Cir. 1977, 572 F.2d 210.

For these reasons, the judgment of the trial court is AFFIRMED.