UNITED STATES of America, Plaintiff-Appellee,

v.

Pablo Cantu GARCIA, Defendant-Appellant.

No. 79–5557
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 29, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Barry Snell, San Antonio, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., John M. Potter, Asst. U. S. Atty., Houston, Tex., Robert Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Pablo Cantu Garcia pled guilty to violation of 21 U.S.C.A. § 846, conspiracy to possess with intent to distribute, a quantity of cocaine in violation of 21 U.S.C.A. § 841(a)(1) (1976). The government dismissed the other seven counts of the indictment against him. Garcia was sentenced by the district court to fifteen years imprisonment to be followed by a special parole term[1] of twenty years. Garcia brings this direct appeal alleging that he should be permitted to withdraw his guilty plea because the district court failed to comply with the requirements of Fed.R.Crim.P. 11(c)(1). He argues that he was not advised, prior to the court's acceptance of his guilty plea, of the maximum term of special parole, i. e., life. He also alleges that the sentence constitutes an abuse of discretion, and that the judgment of the court fails to set forth a verdict or finding as required by Fed.R.Crim.P. 32(b)(1). We affirm the judgment and sentence of the district court.

1.

Fed.R.Crim.P. 11(c)(1), as amended effective December 1, 1975, requires that before the trial court accepts a guilty plea, the court must "inform . . . [the defendant] of, and determine that he understands . . . (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law . . . ." This court has held that the rule does not require the court to explain a special parole term. *United States v. Adams,* 566 F.2d 962 (5th Cir. 1978); *United States v. Broussard,* 582 F.2d 10 (5th Cir. 1978), *cert. denied,* 440 U.S. 935, 99 S.Ct. 1279, 59 L.Ed.2d 493 (1979). *See United States v. Bucchino,* 606 F.2d 590 (5th Cir. 1979).

Prior to acceptance of the plea, the trial judge here advised appellant that he was subject to a mandatory special parole term of at least three years. This case thus satisfies *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085 (1979), which suggests the possibility of reversible error on direct appeal if the trial judge, prior to

---

1. The Supreme Court has granted certiorari to review the case of *Bifulco v. United States,* 600 F.2d 407 (2d Cir. 1979), *cert. granted,* —— U.S. ——, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979). In *Bifulco,* the Second Circuit, reviewing the denial of a § 2255 motion, rejected the contention of the movant that imposition of a special parole term, in addition to incarceration, is an impermissible expansion of the sentencing provisions of 21 U.S.C. § 846. If the Supreme Court should find that imposition of a special parole term under § 846 is not proper, appellant Garcia would be free to pursue whatever remedy might be available to him by means of a § 2255 motion.

accepting a guilty plea, fails to apprise defendant of a mandatory special parole term of at least three years. In addition, the trial judge here further advised appellant how the special parole term operates and the consequences of violation of the special parole term. The requirements of Rule 11 were satisfied.

### 2.

■ Appellant's contention that the trial court abused its discretion by imposing the maximum term of confinement is similarly without merit. The principles guiding our review were recently stated in *United States v. Hayes*, 589 F.2d 811, 826–27 (5th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979):

> It is well settled that a federal district judge has wide discretion in determining what sentence to impose and such a sentence will not be questioned on appeal so long as the sentence is within the statutory limits and there is no showing of arbitrary or capricious action amounting to a gross abuse of discretion. (Citations omitted).

The sentence imposed was within statutory limits.[2] Appellant has shown no arbitrary or capricious action amounting to a gross abuse of discretion. The fact that the trial judge did not announce reasons for the severity of the sentence does not constitute an abuse of discretion. Although this court has encouraged district courts to announce reasons for their sentences, we have held that there is no requirement that they do so. *Bucchino, supra*, 606 F.2d 590.

### 3.

■ There is no merit in appellant's contention that his conviction must be reversed because the written judgment fails to set forth the verdict or findings. We find that the written judgment dated September 13, 1979, does sufficiently set forth the finding. Moreover, even if the failure to check the "guilty" box on the judgment form were a technical defect, it would not be reversible error, but would be a clerical mistake which could be corrected by the court at any time pursuant to Rule 36, Fed.R.Crim.P.

AFFIRMED.

---

2. 21 U.S.C. § 846 and § 841(b)(1)(A) (1976).