**James HINMAN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 83-3499

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 23, 1984.

---

Lister Witherspoon, IV, Atty., Miami, Fla., for petitioner-appellant.

Terry Zitek, Andrew Grosso, Asst. U.S. Attys., Tampa, Fla., for respondent-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a petition for reduction or correction of sentence by the United States District Court for the Middle District of Florida. James Hinman was indicted on four counts of possession and conspiracy to possess controlled substances. Rather than face trial, he agreed to plead guilty in return for a guaranteed maximum sentence. After the entry of this agreement, the government voluntarily dismissed two of the counts, leaving only the second and fourth ones for disposition. The district court sentenced Hinman to two concurrent, four-year sentences and one five-year term of special parole. He challenges this judgment as a violation of both his plea bargaining agreement and the law governing special parole.

Finding no merit to his contentions, we affirm.

Hinman first claims that his sentence exceeds the permissible scope of his bargain with the government. In pertinent part, the agreement provided that "[t]he Defendant shall be sentenced to a period of confinement that shall not exceed (6) years." Record at 137. Hinman maintains that because the unique nature of special parole more closely resembles a term of sentence than parole, his four year term of confinement plus the five year special parole aggregate to nine years, three years more than called for in the plea bargain.

The crucial question for adjudication is whether special parole should be treated as "sentence" for purposes of determining whether the sentencing court complied with a plea bargaining agreement. The law is clear that once such an agreement is entered into by both the prosecution and the defendant and accepted by the court, the sentencer is bound by the bargain's parameters. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Therefore, if the special parole term is the equivalent of a sentence of confinement, the district court exceeded its permissible scope of authority. We believe, however, that this form of parole is wholly distinguishable from an ordinary sentence and that the sentencing court imposed the special parole term within the scope of its authority.

Mandatory special parole is quite different from "normal" parole and correctly has been characterized as a "significant penalty". Unlike the usual parole provision which may require the defendant to serve out his full sentence, special parole can cause the defendant to be returned to prison for the entire term of his special parole. When this time is added to the years already served, the defendant ultimately may be incarcerated for a period in excess of his original sentence. *See Moore v. United States*, 592 F.2d 753 (4th Cir.1979). However, although special parole is unique in application, its term is intended to be served outside the prison walls, a freedom that differentiates it from a term of confinement.

A prison *sentence* specifies the amount of time that a convicted criminal must spend in jail, absent the occurrence of some condition subsequent such as statutory allowances or the grant of parole. Conversely, before *special parole* will mandate reincarceration, a condition precedent must intervene—a violation of the terms of parole. Put another way, the fact and length of a *sentence* rest solely within the discretion of the sentencer, whereas the parolee's return to prison depends on his conduct while serving the term of special parole. Whether a defendant will have to serve additional time pursuant to the provisions of his special parole is both wholly speculative, *see United States v. Walden*, 578 F.2d 966, 972 (3d Cir.1978), *cert. denied* 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979), and determined solely by his actions during the time spent under parole supervision. For these reasons, we conclude that "special parole" is quite different from a "sentence" and should not be treated as such for purposes of determining judicial compliance with plea bargaining agreements.

We caution, however, that the conclusion we adopt on the facts of this case should not be construed to mean that the imposition of a special parole term can never contravene a plea bargaining agreement. Where the agreement itself specifically limits the term of special parole as well as the sentence of imprisonment, the trial court is restricted to the confines of the plea bargain. Here, though, the agreement is silent as to parole and requires only that the *prison sentence* not exceed six years. Because the court imposed a lesser sentence of four years, the commitment was within the plea bargain's terms.

Hinman next urges that the district court failed to comply with the formal requirements of Rule 11(c)(1) of the Federal Rules of Criminal Procedure. Rule 11 provides that before the court may accept a guilty plea, it must inform the defendant of "the nature of the charge to which the plea

is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law ...." Fed.R.Crim.P. 11(c)(1). Although some federal courts of appeal construe this rule to require a lengthy and detailed explanation of special parole and its consequences, *see Moore v. United States*, 592 F.2d 753 (4th Cir.1979); *United States v. Del Prete*, 567 F.2d 928 (9th Cir.1978); *United States v. Hamilton*, 553 F.2d 63 (10th Cir.), *cert. denied*, 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 96 (1977), the Eleventh Circuit Court of Appeals does not adhere to such a stringent standard. On the contrary, the rule in this circuit is quite clear that the court need not explain the ramifications of special parole. *See United States v. Garcia*, 617 F.2d 1176 (5th Cir.1980);[1] *United States v. Broussard*, 582 F.2d 10 (5th Cir. 1978), *cert. denied*, 440 U.S. 935, 99 S.Ct. 1279, 59 L.Ed.2d 493 (1979); *United States v. Adams*, 566 F.2d 962 (5th Cir.1978). The district court need only advise the defendant as to the charge, the mandatory minimum penalty, and the maximum possible sentence. *See United States v. Garcia*, 617 F.2d 1176, 1177 (5th Cir.1980).

■ In the present case, the transcript of Hinman's rearraignment hearing evidences the fact that the district court met its Rule 11 burden. The court took painstaking care to ensure that Hinman knew the possible range of sentences applicable to his indicted crimes. Moreover, the court mentioned the mandatory three-year minimum special parole at least three times. *See* transcript of rearraignment proceedings at 8–13. Having satisfied the requirements of Rule 11 as prescribed by this circuit, the district court committed no error.[2]

Hinman's third assignment of error complains that the district court improperly added the special parole term to the penalty assessed in Count II. In support of this contention, Hinman points to the Supreme Court's proscription against the use of special parole as punishment for a conspiracy conviction. *See Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). Although this citation of the *Bifulco* holding is correct as a matter of law, it overlooks an essential fact. The judgment and commitment order of the district court makes abundantly clear that the special parole term was imposed in Count IV, the substantive offense, and not the conspiracy crime charged in Count II. *See* record at 140.

As his final challenge, Hinman attacks the district court's failure to grant him an evidentiary hearing. The applicable statute provides that the petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

■ In the district court, Hinman claimed: (1) that his sentence violated the established parameters of his bargain with the government; (2) that he did not understand the nature of special parole, and (3) that his mandatory parole sentence was imposed illegally. The first and third allegations raise only questions of law. Purely legal issues may be decided without an evidentiary hearing where the petitioner would suffer no prejudice as a result. *See Forrester v. United States*, 456 F.2d 905 (5th Cir.), *cert. denied*, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972). The record contains all the evidence necessary

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

2. We note that, even had the district court inadvertently failed to mention the mandatory parole terms, Hinman likely would not be entitled to relief. The Supreme Court in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), held that a district court's

technical violation of Rule 11 would not be cognizable in a petition for habeas corpus unless it resulted in a "complete miscarriage of justice" or "a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 784, 99 S.Ct. at 2087, 60 L.Ed.2d at 638. Of course, the dictates of *Timmreck* do not affect the present case since the district court clearly informed Hinman of the mandatory parole provisions.

for an adjudication of those two claims. Consequently, the court did not err in refusing to hold a hearing respecting their validity.

 In contrast, Hinman's second allegation potentially raises an issue of fact. Still, a hearing was unnecessary since, as previously discussed, there is no requirement in this circuit that the court explain the special parole term. That being true, Hinman would not be entitled to relief even if he could prove that he was ignorant of the nature of the special parole. Moreover, even if his alleged failure to comprehend the nature of the special parole did contravene Rule 11, it would constitute only a technical violation of the rule not subject to collateral attack. *See supra* note 2. *See also United States v. Crook*, 607 F.2d 670 (5th Cir.1979).

The judgment of the district court is AFFIRMED.