**Pedro Vizcanio GARCIA,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 84–5557.

United States Court of Appeals,
Eleventh Circuit.

Aug. 26, 1985.

Stanley Marcus, U.S. Atty., Linda Collins Hertz, Jon May, Asst. U.S. Attys., Miami, Fla., for respondent-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Garcia challenges the validity of the special parole term imposed upon him after he pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a). He was sentenced to three years imprisonment and a three-year special parole term under 21 U.S.C.A. § 841(b)(1)(A); *see also* 21 U.S.C.A. § 841(c) (discussing ramifications of violation of special parole term). Over nineteen months after the imposition of sentence, Garcia moved for correction or reduction of sentence under Fed.R.Crim.P. 35. Since the Rule 35 motion was untimely, the district court treated the motion as a habeas corpus petition under 28 U.S.C.A. § 2255, and thereafter denied the petition. Finding no merit in any of Garcia's arguments concerning the alleged invalidity of the special parole term, we affirm.

## DISCUSSION

■ First, Garcia argues that the district court failed to inform him of the ramifications of his special parole term. Fed.R. Crim.P. 11(c)(1) provides:

> Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
>
> (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term....

In *Hinman v. United States*, 730 F.2d 649 (11th Cir.1984), this court held that it was not necessary to inform the defendant of the particularized ramifications of a special parole term. *Id.* at 652. In order to meet the requirements of Rule 11,

> [T]he district court need only advise the defendant as to the charge, the mandatory minimum penalty, and the maximum possible sentence. *See United States v.*

*Garcia,* 617 F.2d 1176, 1177 (5th Cir. 1980).

*Hinman,* 730 F.2d at 652.

In the instant case, the district court informed Garcia, with respect to his plea of guilty for both possession with intent to distribute cocaine, that

> The maximum sentence is $25,000, and/or fifteen years in prison, plus a three-year minimum special parole term, which is a form of probation that would normally commence after a term of custody is imposed and after the custody ends.

Supp. Record on Appeal, vol. 2 at 44. With respect to the special parole term, it is clear that the district court met the standards of *Hinman* because it spelled out the mandatory sentence and indicated that the minimum special parole term was three years.

■■■■ Second, Garcia argues that the special parole term violates numerous constitutional provisions because the statute fails to define limits for punishment.[1] To the extent that Garcia's argument rests on an alleged violation of the Due Process Clause and the doctrine of separation of powers, this has been squarely rejected in our circuit by the very recent case of *United States v. Carcaise,* 763 F.2d 1328, 1334–35 (11th Cir.1985). Garcia also claims that the special parole term is cruel and unusual punishment under the Eighth Amendment. The three-year sentence of imprisonment received by Garcia, even when aggregated with a possible three-year additional term of imprisonment which could be imposed because of violation of the special parole term, does not remotely make out a claim under the Eighth Amendment, and warrants no further discussion. *Accord, United States v. Kuck,* 573 F.2d 25, 27–28 (10th Cir.1978). Garcia also attacks the statute

as unconstitutional because it fails to set out the conditions of the special parole term and the procedures by which parole would be revoked. This argument has been rejected by binding precedent in this circuit and, therefore, warrants no further discussion. *United States v. Simpson,* 481 F.2d 582, 584 (5th Cir.1973).[2]

■■■■ Finally, Garcia argues that the imposition of the special parole term in addition to the three-year sentence of imprisonment violates the Double Jeopardy Clause of the Fifth Amendment. While the Double Jeopardy Clause does prohibit multiple punishments for the same offense, *see Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), it does not bar Congress from enacting a two component, integrated statutory scheme to punish a single offense. The statute clearly calls for the imposition of a sentence of imprisonment and/or a fine, *and* the mandatory imposition of the special parole term. These two components form the *single* mandatory punishment that Congress has enacted for punishing the criminal activity to which Garcia pled guilty. *See Carcaise,* at 1334 n. 24 ("Imposition of a sentence under § 841(b)(1)(A), which specifically provides for a special parole term in addition to a term of imprisonment, does not amount to multiple punishment in violation of the Fifth Amendment"). Thus, we readily agree with the other courts which have addressed the question that this form of punishment does not violate the Double Jeopardy Clause. *See United States v. Counts,* 691 F.2d 348, 349 (7th Cir.1982); *Kuck,* 573 F.2d at 27; *United States v. Huerta,* 496 F.Supp. 339, 340 (W.D.Okla. 1980); *cf., e.g., United States v. Davis,* 561 F.2d 1014, 1018 (D.C.Cir.) (amendment of sentence to include special parole term after initial sentencing does not violate Dou-

---

1. A defendant can be sentenced to a minimum three-year special parole term and an indefinite maximum term. The special parole term begins to run after the completion of the sentence of imprisonment. When an individual is found to be in violation of the special parole, the violator can be returned to prison to serve the entire term of the special parole without being given credit for the period spent on parole. *See* 21 U.S.C.A. §§ 841(b)(1)(A); 841(c).

2. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

ble Jeopardy Clause); *cert. denied,* 434 U.S. 929, 98 S.Ct. 416, 54 L.Ed.2d 290 (1977); *Llerena v. United States,* 508 F.2d 78 (5th Cir.1978) (same). Furthermore, to the extent that Garcia's argument maintains that the Double Jeopardy Clause has been violated because any future parole revocation may consider the facts underlying the plea of guilty in the instant case, his argument is without merit. The law in this circuit is that the Double Jeopardy Clause does not apply to parole revocation proceedings. *United States v. Whitney,* 649 F.2d 296, 298 (5th Cir.1981).

## CONCLUSION

In light of the foregoing, the decision of the district court, denying Garcia's habeas corpus petition under 28 U.S.C.A. § 2255, is

AFFIRMED.