**George Samuel JONAS,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Sec., Florida Department of Corrections, Florida Parole & Pro. Commission, Respondents-Appellees.**

**No. 84–5841.**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 17, 1986.

Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, Fla., for Wainwright.

Kurt E. Ahrendt, Asst. Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, Fla., for Florida Parole.

Before GODBOLD, Chief Judge, RONEY and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

The district court denied the petition for habeas corpus brought by Jonas, a Florida state prisoner.

■ The district court correctly held that the Florida Parole & Probation Commission did not violate the ex post facto clause of the Constitution by applying to him objective parole guidelines that had been amended after he was incarcerated. *Paschal v. Wainwright*, 738 F.2d 1173 (11th Cir.1984).

■ Jonas claims that he was subjected to double jeopardy because his presumptive parole release date was vacated and a new one set following his escape. The double jeopardy clause does not apply to parole revocation proceedings, *Garcia v. U.S.*, 769 F.2d 697–700 (11th Cir.1985), and for the same reasons it does not apply to vacation of a presumptive parole release date.

■ The contention that changing the presumptive parole release date subjected Jonas to cruel and unusual punishment is frivolous. There is no constitutional right to parole in Florida. *Hunter v. Florida Parole & Probation Commission*, 674 F.2d 847, 848 (11th Cir.1982). The decision if and when to parole an inmate is left to the discretion of the Commission guided by its own administrative rules. *Moore v. Florida Parole & Probation Commission*, 289 So.2d 719 (Fla.1974); *see* Fla.Stat. § 947.18. After Jonas's escape he pleaded no contest to an escape charge, and the court entered a finding of guilt, withheld adjudication, and suspended sentence. That, based on the escape charge, Jonas's parole release date was changed does not make that action either punishment or cruel and unusual.

The claim that the Commission did not abide by its own rules and regulations does not allege a constitutional violation.

AFFIRMED.