Moody NICHOLS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 86–7311.

United States Court of Appeals,
Eleventh Circuit.

Feb. 24, 1987.

Jeff Bennitt, James Rea, Birmingham, Ala., for petitioner-appellant.

Frank W. Donaldson, U.S. Atty., Frank M. Salter, Birmingham, Ala., for respondent-appellee.

Before HILL and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

HATCHETT, Circuit Judge:

This appeal is taken from the district court's denial of appellant's petition for a writ of habeas corpus in which he sought an order allowing him to withdraw his guilty plea. Because appellant has failed to demonstrate that the technical mistake alleged in his petition contributed to entry of his guilty plea, we affirm the district court.

## FACTS

The government charged the appellant, Moody Nichols, with drug trafficking. On November 13, 1979, Nichols, with the assistance of his lawyer, entered a guilty plea to the drug trafficking charges pursuant to a plea bargaining agreement with the government.

Before accepting the guilty plea, the district court placed Nichols under oath and, following Fed.R.Crim.P. 11(c), asked him whether he understood the charges in the indictment. Nichols answered in the affirmative. The district court, with the as-

sistance of Nichols's lawyer, explained to him the maximum punishments stating that Nichols could be sentenced to five years imprisonment, fined $15,000, and in addition, could be given a special parole term of three years. The district court then informed Nichols that he had a right to be tried by jury, that he would not be required to produce any evidence, and that he would not have to be a witness if his lawyer decided it was not in his best interest. The district court went on to explain that the government would have to prove the essential elements of the offense beyond a reasonable doubt. Finally, the concept of probation was fully explained including the consequences of probation revocation. Nichols stated that he understood and that he had no questions for the court or his lawyer.

The district court informed Nichols that by pleading guilty he was admitting to the court that he was, in fact, guilty. In response, Nichols stated that he was *not* guilty, and that he had never dealt in narcotics; however, he then stated that if his case went to trial, he knew he would be found guilty. The case had been to trial once, and the jury was unable to reach a verdict.

Nichols entered a guilty plea pursuant to a plea bargaining agreement which provided that the government would recommend that Nichols's sentence be suspended, that he be placed on probation, and fined $2,500. Nichols stated that he understood the terms of the agreement.

The court accepted Nichols's qualified guilty plea, but in doing so, explained to Nichols that he would be given the maximum sentence if his probation was later revoked. The court reiterated to Nichols the ramifications of entering a guilty plea.

In accordance with the plea bargain, the court suspended Nichols's sentence and placed him on probation for three years. The court fined him $2,500, and made his probation subject to the special condition that the fine be paid within thirty days. On June 26, 1982, while Nichols was still on probation, federal agents arrested Nichols

for conspiring to possess and distribute 25,000 methaqualone dosage units. On November 4, 1982, the district court revoked Nichols's probation and sentenced him to five years, to be followed by a special parole term of six years.

Nichols filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Alabama contending that the district court incorrectly informed him regarding special parole, in violation of rule 11(c). Nichols claims that he would not have entered a guilty plea had he been correctly informed of the terms of special parole. The district court denied his petition, and Nichols appeals that denial.

## DISCUSSION

Nichols contends that the district court abused its discretion in denying his petition to withdraw his guilty plea. He claims the court incorrectly informed him about the special parole term to which he would be subject in the event that he violated his probation; and he claims if he had known that the minimum special parole term was two years, instead of three years, and that the parole term could extend to life imprisonment, he would not have entered a guilty plea.

To support his contention, Nichols cites *United States v. Garcia,* 617 F.2d 1176, 1177 (5th Cir.1980), in which this court held that Fed.R.Crim.P. 11(c) requires that before the trial court accepts a guilty plea, the court must inform the defendant of, and determine that he understands, the mandatory minimum penalty provided by law, and the maximum possible penalty provided by law. Nichols argues that the court failed to explain the minimum and maximum possible sentences as required by *Garcia* and rule 11(c).

The district court explained to Nichols that the maximum sentence was five years imprisonment and a $15,000 fine. The court also explained that a special parole term would apply. The district court erroneously informed Nichols that the mini-

mum special parole term was three years, rather than a minimum of two years, and did not mention the maximum of life imprisonment.

 The error in the court's explanation is harmless. The rule in this circuit is clear. The court is under no obligation, statutory or otherwise, to explain the ramifications of special parole. This is part of the holding in *Garcia.* More recently, the court in *Hinman v. United States,* 730 F.2d 649 (11th Cir.1984), determined that special parole is different from a "sentence" and reiterated the *Garcia* rule. In the absence of an obligation to explain a special parole term, Nichols bears the burden of establishing that he has been prejudiced by the court's technical error in rendering a gratuitous explanation.

 Nichols has not met his burden. He has failed to demonstrate how the court's error prejudiced his case. The record indicates that he believed he would be convicted if his case went to trial. Thus, it is clear that he was motivated to bargain with the state and to plead guilty.

It is important to note that Nichols was not sentenced to a special parole term. The court explained to Nichols that a special parole term would be the consequence of a probation violation. It seems strange indeed for Nichols to argue that had he known the minimum under special parole was three years he would have pleaded guilty, but if he had been told the minimum was two years he would not have pleaded guilty.

For the foregoing reasons, we affirm the district court's denial of Nichols' petition for a writ of habeas corpus.

AFFIRMED.