### Larry FELDMAN, a/k/a Lance Fleming, Petitioner,

v.

### UNITED STATES of America, Respondent.

**Civil Action No. 95–0881–AH–M. Criminal Action No. 89–00072–AH.**

United States District Court, S.D. Alabama, Southern Division.

April 3, 1996.

---

Susan James, Montgomery, AL, for petitioner.

Gloria A. Bedwell, Asst. U.S. Atty., for respondent.

### ORDER

HOWARD, District Judge.

This matter is before the Court on the "Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 or in the Alternative 18 U.S.C. § 3582(c)(2)" filed by Larry Arnold Givner [1] ("Givner"). [Doc. # 48]. The Government filed a Response to the Motion. [Doc. # 57]. Givner filed an "Answer to Government's Response." [Doc. # 58].

The Court finds that Givner's alternative motion pursuant to 18 U.S.C. § 3582(c)(2) is inappropriate as Givner does not allege that he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Therefore, Givner's Motion insofar as it is brought pursuant to Section 3582(c)(2) is **MOOT**.

Upon review of Givner's Section 2255 Motion and the exhibits attached to such Motion and the arguments of the parties submitted in their briefs, the Court finds that Givner's Section 2255 Motion is due to be **DENIED**.

## I. BACKGROUND

The briefs filed by Givner and the Government describe the procedural and factual background of the underlying criminal action against Givner in detail. The Court will not restate such facts in totality. However, the following facts are important to Givner's Motion:

1. On November 17, 1989, a jury found Givner guilty of Count 4 of the Superseding Indictment (violation of 21 U.S.C. § 846).

2. On February 1, 1990, this Court sentenced Givner to 235 months imprisonment without parole to be followed by a five-year term of supervised release. In determining Givner's sentence, the Court relied upon evidence adduced during the trial to find that Givner was responsible for at least 50 kilograms of cocaine, that his sentence should be enhanced for obstruction of justice and that Givner failed to establish that he was entitled to acceptance of responsibility, a minor or minimal role reduction, or downward departure for substantial assistance.

3. Givner appealed his conviction and sentence on six grounds: (1) sufficiency of the evidence; (2) validity of a consensual search; (3) the exclusion of testimony relating to plea negotiations; (4) outrageous Government conduct relating to the actions of various Drug Enforcement Agents and the informant; (5) the exclusion of evidence relating to attorney-client privilege be-

---

**1.** Although Petitioner was indicted under the name Larry Feldman, a/k/a Lance Fleming, his real name is Larry Arnold Givner. Therefore, the Court will refer to Petitioner as Larry Givner.

tween the informant and his attorney; and (6) the findings at sentencing relating to the drug amount, obstruction of justice, Givner's effort to cooperate and his claim of acceptance of responsibility.

4. The United States Court of Appeals for the Eleventh Circuit affirmed Givner's conviction and sentence without opinion. The mandate issued on August 1, 1991.

5. On October 27, 1995, Givner's counsel filed the Motion that is now before this Court.

## II. THE MOTION BEFORE THE COURT

A prisoner in federal custody may attack a sentence on the ground that "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack....." 28 U.S.C. § 2255. Givner argues that his sentence is "otherwise subject to collateral attack." Givner argues that he should be allowed to attack his sentence because changes in the facts of his case and changes in the Sentencing Guidelines have arisen after the affirmance of his conviction and sentence. Givner alleges that such changes expose a fundamental defect in his sentence. Givner raises four grounds to support his request for reduction or vacation of his sentence:

1. Givner alleges that he has discovered new evidence that shows he was not a part of the Richard J. Lynn conspiracy.

2. The commentary to Section 1B1.3 of the United States Sentencing Guidelines ("USSG") has been amended to clarify that the amount of drugs attributable to a defendant/conspirator must be an amount that is "reasonably foreseeable" by the defendant. Givner argues that this Court did not find that it was "reasonably foreseeable" that Givner was connected with more than 50 kilograms of cocaine. Givner argues

that such amended commentary entitles him to a resentencing hearing for a determination under the new "reasonably foreseeable" standard.

3. The commentary to Section 3C1.1 of the USSG had been amended to clarify the standard for an enhancement for obstruction of justice. Givner argues that such amended commentary states that an enhancement is only appropriate if a defendant actually obstructed justice. Givner argues that he is entitled to a resentencing hearing for a determination of whether he actually obstructed justice.

4. New case law interpreting Section 2D1.1 of the USSG mandates a resentencing hearing to determine whether Givner should be granted a downward adjustment for "minor role" in the offense.

### A. Ground One "Not a Lynn Conspirator"

Givner argues that he is not guilty of the crime of which he was convicted, *i.e.* conspiracy to possess with intent to distribute cocaine (the Richard J. Lynn conspiracy). Givner attempts to escape the procedural bar for raising an issue that has already by decided by a jury and on appeal, by attaching statements made by co-conspirators Kevin Sheehy, Butch McKeown, Jack Marshall, and Bobby Eyster, after Givner's conviction and direct appeal. Such statements purport to show that Givner was not involved in the Lynn conspiracy. Givner argues that these statements were not available at trial because the declarants were protected by the Fifth Amendment. Givner argues that the statements constitute new evidence. In addition, Givner attached to his Section 2255 Motion the notes of Special Agent Bergman detailing a conversation between Bergman and confidential informant Michael Golden. Givner states that these notes were discovered after his appeal.

■ The Court finds that the evidence contained in the co-conspirator statements was introduced to the jury during the trial through the testimony of co-conspirators and

cooperating witnesses Steve Purvis and Hillery DeWeese. R2–194; R3–264–265; R4–479–483. Additional statements of opinion by other co-conspirators would be cumulative and self-serving. With respect to SA Bergman's notes, both Bergman and Golden testified at trial about their conversation and such notes do not raise "new evidence." R5–697–700; R6–890. Therefore, Givner's Section 2255 Motion on the ground of newly discovered evidence is insufficient to support such collateral attack because the record shows that Givner's "new evidence" was presented at Givner's trial and is not "new."

## B. Ground Two "Relevant Conduct" and Ground Three "Obstruction of Justice"

■ Grounds Two and Three of Givner's 2255 Motion assert that Givner may collaterally attack his sentence because the comments to Guideline Sections 1B1.3 (Relevant Conduct) and 3C1.1 (Obstructing or Impeding the Administration of Justice) have been amended by the Sentencing Commission to clarify the meaning of such Sections. The Court rejects Givner's contention that changes in the commentary on a section of the Guidelines may serve as a ground to collaterally attack a sentence that has been affirmed on appeal.

The Eleventh Circuit has held that amendments to the comments that merely clarify the relevant section "must be considered" on direct appeal. *United States v. Gardiner*, 955 F.2d 1492, 1499 (11th Cir.1992); *see also United States v. Howard*, 923 F.2d 1500, 1503–1505 (11th Cir.1991). The Eleventh Circuit has not extended such holding to Section 2255 Motions. However, the United States Court of Appeals for the First Circuit, relying on *Howard*, **has** extended the *Howard* holding beyond a final decision of the Court of Appeals to a Section 2255 proceeding. *Isabel v. United States*, 980 F.2d 60 (1st Cir.1992). In a review of a Section 2255 Motion the First Circuit held:

It is true that a sentencing court applies the law in effect at the date of sentencing. Nevertheless, in interpreting an applicable guideline virtually all circuits have found or stated that it is appropriate to consider

post-sentencing amendments that clarify but do not substantively change the guideline.

*Id.* at 62. This Court holds that the reasoning of the First Circuit is misguided and insufficient to support such a holding and this Court declines to follow the First Circuit.

The Eleventh Circuit rule applies when the commentary is amended after sentencing, but before review on direct appeal. Such a rule is logical because, assuming a defendant exercises his right of appeal, an action against a defendant is not final until review by an appellate court. However, to extend such a holding to collateral attacks flies in the face of finality in criminal prosecutions. "Perpetual disrespect for the finality of convictions disparages the entire criminal justice system." *McCleskey v. Zant*, 499 U.S. 467, 492, 111 S.Ct. 1454, 1469, 113 L.Ed.2d 517 (1991). Revisiting sentences that have been affirmed on direct appeal each time the Sentencing Commission "clarifies" the commentary to the Guidelines challenges the finality of convictions. In effect, no sentence would be final as commentary is constantly being rewritten and "clarified." In the action before this Court, Givner was sentenced over six years ago, the Eleventh Circuit affirmed such sentence nearly five years ago, and Givner now attacks such sentence based upon alleged clarifying commentary subsequently adopted by the Sentencing Commission. If this inmate is successful in this collateral attack, then he and all others similarly situated will be permitted to continue assaults on their sentences on every occasion the Sentencing Commission amends commentary in a fashion that is deemed "clarifying." There will never be finality in any federal criminal conviction as defendants will constantly attack their sentences when commentary language is changed. Defendants may file multiple habeas petitions spanning over many years and the United States will have to be prepared to defend sentences *ad infinitum*. "Federal collateral litigation places a heavy burden on scarce federal judicial resources, and threatens the capacity of the system to resolve primary disputes." *McCleskey v. Zant, supra*, 499 U.S. at 491,

111 S.Ct. at 1469 (citation omitted). The holding of the First Circuit unduly increases the amount of such collateral litigation and destroys the public's comfort in the finality of sentences. The burden on federal judicial resources will be astonishing. This Court holds that collateral review based on commentary "clarification" is not permitted because amendments to the commentary are not sufficient to meet the "otherwise subject to collateral review" standard of Section 2255. Therefore, the Court holds that Givner is not able to collaterally attack his sentence on the ground that the comments to Guideline Sections 1B1.3 and 3C1.1 have been "clarified."

### C. Ground Four "Minor Role"

 Givner argued at sentencing that he should receive a downward adjustment in his offense level under USSG Section 2D1.1 for a minor role in the offense. This Court denied Givner's request and Givner did not appeal such denial. In an effort to show cause for not appealing this Court's finding, Givner argues that recent case law has clarified Section 2D1.1 by holding that application of a minor role adjustment should be determined by comparing the conduct of the defendant with the conduct of the other co-conspirators. Givner asserts that this law changed after his appeal. Givner has not supplied the Court with legal support for the proposition that subsequent case law interpreting a section of the Guidelines may be asserted as a ground for collateral attack of a sentence. In addition, none of the cases cited by Givner, which allegedly reinterpreted USSG Section 2D1.1, are cases from the Eleventh Circuit. Therefore, Givner's fourth ground for review is an insufficient ground to support a collateral attack of Givner's sentence.

### III. CONCLUSION

The Court finds that Givner has failed to show that his conviction and sentence are "otherwise subject to collateral review" and, therefore, Givner has failed to establish a claim for relief under Section 2255. The Court **DENIES** Givner's 2255 Motion. [Doc. # 48].

As the Court's holding is based on legal conclusions supported conclusively by the record and the file, no evidentiary hearing is necessary. Rule 8(a) Rules—§ 2255 Proceedings; *Cross v. United States,* 893 F.2d 1287, 1292 (11th Cir.), *cert. denied,* 498 U.S. 849, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990). Purely legal issues may be decided without an evidentiary hearing where the petitioner would suffer no prejudice as a result. *Hinman v. United States,* 730 F.2d 649, 652 (11th Cir.1984). Where the record contains all of the evidence necessary for an adjudication of the petitioner's legal claims, there is no need for a hearing. *Id.* at 652–653. Even where allegations potentially raise issues of fact, a hearing is not required where the factual dispute would have no effect on the conviction, sentence or relevant proceeding. *Id.* at 653.