IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40153
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREY BUBENIK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CR-217-7
--------------------

September 8, 1999

Before GARWOOD, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:[*]

Trey Bubenik appeals the revocation of his probation.  After
concluding that two positive test results indicated Bubenik had
violated two terms of his probation, the district court sentenced
him to 24 months in prison.  He now argues that (i) the written
judgment is fatally defective, (ii) he received ineffective
assistance of counsel during the revocation proceedings, (iii)

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the district court abused its discretion in concluding he had violated conditions of his probation, and (iv) his right to due process was violated during the revocation proceedings.

Upon determining that a defendant violated a condition of his probation, a district court may revoke a sentence of probation and resentence the defendant.  There are currently no binding sentencing guidelines for violations of probation. United States v. Peña, 125 F.3d 285, 287 (5th Cir. 1997), cert. denied, 118 S. Ct. 1527 (1998).  We will affirm a resentence following a revocation of probation unless the new sentence is "'in violation of law or is plainly unreasonable.'"  Id. (citation omitted).  Whether a sentence is illegal is reviewed de novo.  United States v. Byrd, 116 F.3d 770, 773 (5th Cir. 1997). When imposing a sentence after a revocation, a district court is not required to utilize the guidelines range produced for the original sentencing.  Peña, 125 F.3d at 287.

Bubenik argues that the judgment is fatally defective, primarily because it does not indicate that he admitted his use and possession of cocaine only as to one of the two occasions alleged in the Government's revocation petition.  Because Bubenik pleaded true to the May 1997 episode, the judgment correctly indicates that he admitted his guilt to possessing and using cocaine in violation of his probation.  The district court determined, by virtue of both the May 1997 and October 1998 test results, that Bubenik had violated his probation as well by failing to participate as directed in a drug-treatment program. The judgment correctly reflects that determination.  Bubenik

contends that the Government abandoned this charge, but, in doing so, he mischaracterizes the record. When the revocation hearing reconvened on a second day, the Government indicated that it wished to abandon only the allegations in a second paragraph of that charge, allegations relating to Bubenik's purported failure to attend counseling sessions and to report for drug testing. The Government did not abandon the allegation in the first paragraph of that charge, an allegation that Bubenik's positive drug tests revealed a failure to participate in drug treatment as directed.

The written judgment does contain an omission: Both violations are listed as occurring only on October 23, 1998, the date of Bubenik's second positive test result. The omission of the earlier date does not, however, justify the relief sought by Bubenik--a determination that the written judgment is void. See United States v. Turner, 741 F.2d 696, 698 (5th Cir. 1984) (noting that any error committed by a district court in refusing to hear a defendant's extenuating evidence as to one violation of probation was harmless, when there was ample evidence of other violations). Bubenik points to no legal support for the relief he requests, and we are aware of none. Indeed, in a case involving a judgment from a criminal conviction, we squarely rejected the notion that a reversal was required because a judgment failed to set forth the verdict or findings. United States v. Garcia, 617 F.2d 1176, 1178 (5th Cir. 1980). We noted that such a technical defect would at most "be a clerical mistake which could be corrected by the [district] court at any time"

pursuant to Fed. R. Crim. P. 36.  Id.  Bubenik is not entitled to a reversal merely because the judgment omits the date of his earlier violation.

Citing United States v. Holland, 850 F.2d 1048 (5th Cir. 1988), Bubenik argues that the judgment is deficient because it fails to delineate the evidence relied on and the district court's reasons for revoking his probation.  Due process requires that a probationer be given "a written statement . . . of the evidence relied on and reasons for revoking the probation." Holland, 850 F.2d at 1050.  However, when a probationer admits a violation, the written statement is unnecessary.  Id. at 1050-51. The only information omitted from Bubenik's judgment is the date of the May 1997 violation, the violation that Bubenik admitted. Accordingly, the protection offered by a more complete judgment is unnecessary.  Furthermore, we hold that the judgment adequately indicates why Bubenik's probation was revoked.

Bubenik argues that he received ineffective assistance of counsel during the revocation proceedings.  A claim of ineffective assistance is generally not reviewable on direct appeal unless the district court has already addressed the contention.  United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991).  There is an exception to this rule when the record is sufficiently developed to evaluate the claim on the merits.  Id. This exception does not apply when "the only details to which [the court has] access are [the defendant's] assertions in his brief."  Id.

The only relevant details before the court are those contained in Bubenik's brief. There is no way we can determine, on the record before us, whether counsel's performance was unreasonably deficient or if Bubenik was prejudiced by counsel's performance. See id. Accordingly, we decline to reach Bubenik's claim of ineffective assistance.

Bubenik argues that the district court abused its discretion in revoking his probation because there was insufficient evidence of a violation. In this regard, he argues that the district court's reliance on the May 1997 incident constituted double jeopardy because he had already been required by his probation officer to spend time in a treatment center as a consequence of testing positive (there were no prior revocation procceedings). Because Bubenik did not raise this argument in the district court, we review for plain error only. United States v. Olano, 507 U.S. 725, 731-37 (1993); Fed. R. Crim. P. 52(b). Bubenik can show no error at all, however, because the Double Jeopardy Clause does not apply to probation-revocation proceedings. United States v. Whitney, 649 F.2d 296, 298 (5th Cir. Unit B June 1981). See also id. (noting that "probation revocation proceedings are not designed to punish a criminal defendant").

Bubenik complains as well that there was insufficient evidence that the October 1998 test was accurate or revealed a knowing use of cocaine. "To obtain reversal of a revocation order on the basis of evidentiary insufficiency, an appellant must show clearly that the revoking court abused its discretion." United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996).

Bubenik relies on United States v. Courtney, 979 F.2d 45, 50 (5th Cir. 1992), in which we vacated a revocation order because the district court rested its order on unspecified testimony about drug testing from previous cases. Nevertheless, we observed that a district court may "ordinarily rely solely" on drug tests, and we noted that a district court may also rely on other evidence, such as the defendant's "prior use of the drug and his drug addiction" and "his inconsistent explanations," suggesting intentional drug usage. Id. at 49 & n.5.

Bubenik did not assert in the district court, and he presented no evidence, that the testing procedures he faced were flawed. He did not object to the admission in evidence of the October 1998 test results and admitted that he then "did test positive." He did testify that there was an innocent explanation for his positive test result in October 1998, namely that the night before a waitress had put cocaine in his drink. However, unlike Courtney, the district court did not rely solely on Bubenik's test result as proof of intentional usage. The court also found that Bubenik's explanation was incredible. The court observed that the waitress, alleged by Bubenik to have spiked his soda as revenge for his failure to respond to her flirtations, could not have known about his impending drug test. The court further relied on Bubenik's history of drug addiction. We cannot say that the district court shirked its duty "to draw the appropriate inferences and determine 'factual contentions and whom to believe.'" Id. at 49-50 (citation omitted). Bubenik has not shown an abuse of discretion.

Bubenik argues that his right to due process was violated during the revocation proceedings. Most of his specific contentions are restatements of arguments we have just rejected. He does argue that the revocation proceeding was unfair because the district court declined to hear testimony from a Government witness, causing the Government to abandon allegations that Bubenik failed to report for drug screening and counseling as directed. Bubenik does not explain how these events caused any unfairness, and we perceive none. The events actually prevented the Government from making out part of its case. Unfortunately for Bubenik, the events did not prevent the Government from making out the remainder of its case.

Bubenik also argues that reliance on the May 1997 drug test was unfair because that evidence was stale. Because the argument was not raised in the district court, we review only for plain error. Bubenik relies on United States v. Tyler, 605 F.2d 851, 853 (5th Cir. 1979), in which we stated that "a lengthy delay [there 27 months between violations and a second revocation petition filed by the Government], coupled with [a] probation officer's obvious decision not to file these charges in [a] first petition, is fundamentally unfair." Tyler is inapposite. Unlike Tyler, Bubenik did not face a prior revocation proceeding in which previous violations were purposely withheld by the Government. Bubenik's prior violation instead led to treatment for his drug abuse. As we cautioned in Tyler itself, there is no need to seek a revocation at every possible opportunity. 605 F.2d at 853. Moreover, we note that in Tyler's case, there were

no fresh violations justifying the revocation; in Bubenik's case, the district court specifically found that he possessed and used cocaine in October 1998, less than two months before the revocation proceedings were filed.  Cf. Turner, 741 F.2d at 698 (noting that any error committed by a district court in refusing to hear a defendant's extenuating evidence as to one violation of probation was harmless, when there was ample evidence of other violations).  Bubenik has shown no violation of due process or any other error.

AFFIRMED