[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12156
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-23395-CMA

MICHAEL SWAIN,

Petitioner-Appellant,

versus

FLORIDA COMMISSION ON OFFENDER REVIEW,

Respondent-Appellee,

TENA M. PATE,
Chairperson,

Respondent.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2019)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Swain, a Florida prisoner, appeals *pro se* the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Swain argues that the Florida Commission on Offender Review violated his right to due process under the Fifth and Fourteenth Amendments by breaching a regulation that barred it from denying parole based on criminal charges of which he had been acquitted. Because our precedent establishes that the failure of the Commission to "abide by its own rules and regulations does not allege a constitutional violation," *Jonas v. Wainwright*, 779 F.2d 1576, 1578 (11th Cir. 1986), and, in any event, the record controverts Swain's contention that the Commission violated its regulation, we affirm.

Swain challenged the denial of parole arising from his convictions in 1976 in a Florida court for one count of breaking and entering a dwelling with assault, two counts of armed sexual battery, and two counts of robbery and his sentence of three terms of life imprisonment and two terms of 99 years of imprisonment. After a state appellate court summarily affirmed Swain's convictions and sentence, *Swain v. State*, 341 So. 2d 305 (Fla. Dist. Ct. App. 1976), the Commission set Swain's presumptive parole date as June 12, 2001. Later, the Commission adjusted the presumptive parole date to March 6, 1999.

Swain attached to his federal petition a copy of a letter that the State Attorney's Office submitted to the Commission protesting Swain's release in 1999. In the letter, the state prosecutor described the facts underlying Swain's sexual battery convictions and the facts of three other cases in which Swain was implicated based on his fingerprints and a statement to the police. In the three cases, Swain allegedly broke into homes armed with a knife and sexually assaulted its female occupants. The prosecutor stated that Swain had been acquitted in one of the three cases and that the state had nol prossed the other two cases because "the State and the victims were satisfied the community would be protected in light of [Swain's] sentence" in 1976.

Swain also attached to his petition the decision of the Commission in 1999 to suspend Swain's presumptive date for parole. The Commission found that Swain's "offense involved the use of a firearm or dangerous weapon," his "offense of Sexual Battery and Robbery, . . . [was] particularly heinous and cruel," and his victims had suffered severe trauma. The Commission also found that Swain's release posed an "unreasonable risk to others"; his mental health treatment evidenced that he was "in need of continued observation and treatment in a structured environment"; his "parole risk [was] extremely poor" on account of his disciplinary reports for fighting and for attempting to incite a mutinous act; and "a significant risk existed . . . of [Swain engaging in] future criminal behavior that

3

[might] involve crimes of sexually deviant behavior . . . hazardous to others." Based on those findings, the Commission "conclude[d] that [Swain's] conviction . . ., his aggressive and assaultive behavior which [was] reflected in his sexually deviant-type convictions and disciplinary reports . . ., [and] his lack of adequate treatment . . . [for] behavior that resulted in his commitments . . . demonstrated his unsuitability for community based supervision and [were] not conducive indicators for successful parole."

In response to Swain's federal petition, the Commission argued that Swain had no right to release on parole before the expiration of his sentence; that his argument about the violation of a regulation was foreclosed by *Jonas*, 779 F.2d at 1578; and that it had, in any event, complied with applicable regulations when denying him parole. The Commission submitted copies of its decisions in 2013 and in 2015 that left "intact the suspension of [Swain's] assigned Presumptive Parole Release Date of 3/6/1999." In its 2013 decision, the Commission stated that it was denying Swain parole based on his "lack of program participation since [his] last review" and "[t]he serious nature of the offense," including his "[u]se of a knife," the "[p]hysical and psychological trauma to [his] victim," his "[m]ultiple separate offenses," and the "[u]nreasonable risk" he posed to society. In 2015, the Commission denied Swain parole based on the reasons identified in its 2013

4

decision and "[t]he insufficient programming [he had] completed to assist with successful re-entry into society since the last review."

The district court denied Swain's petition. The district court ruled that, given "[t]here is no constitutional right to parole in Florida" and the decision to grant parole rests in the "discretion of the Commission," *Jonas*, 779 F.2d at 1577, Swain had to prove the Commission knowingly relied on false information, *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991), but had failed to do so. The district court also ruled that Swain's argument about the Commission allegedly violating its regulation was foreclosed by *Jonas, id.*, and it rejected his argument for relief based on *Joost v. United States Parole Commission*, 698 F.2d 418 (10th Cir. 1983), in which the court concluded that the denial of parole based on murder charges for which the petitioner had been acquitted would "violate[] the Commission's own regulations unless [it possessed] 'reliable information' of guilt not introduced at trial . . . ." *Id.* at 419. The district court concluded that *Joost* "conflict[ed] with . . . Jonas*" and issued a certificate of appealability to address "whether [the] reliance on charges for which [Swain] was acquitted—in violation of regulations governing the Commission—constitutes a violation of [his] due process rights."

We review *de novo* the denial of a petition for a writ of habeas corpus. *Wilson v. Warden, Ga. Diagnostic Prison*, 898 F.3d 1314, 1320 (11th Cir. 2018).

5

Swain concedes that his argument that the Commission violated its regulation in denying him parole is foreclosed by binding precedent. In *Jonas*, we held that the failure of the Commission to "abide by its own rules and regulations [did] not allege a constitutional violation." 779 F.2d at 1578. We are bound to follow *Jonas* "unless and until [it is] overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc." *Hylor v. United States*, 896 F.3d 1219, 1224 (11th Cir. 2018) (quoting *United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018)), *cert. denied*, 139 S. Ct. 1375 (2019).

Even if we were not bound by *Jonas*, we would still affirm the denial of Swain's petition because the Commission did not violate its regulation. The record establishes that the Commission denied Swain parole based on the "particularly heinous and cruel" nature of the crimes for which he had been *convicted*, his use of a knife during those crimes, the trauma inflicted on his victims, the "unreasonable risk" he posed to others, and his lack of participation in programs prerequisite to his release. Swain submitted no evidence that the Commission denied him parole based on criminal charges of which he had been acquitted.

We **AFFIRM** the denial of Swain's petition for a writ of habeas corpus.

6